IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

Victor E. Schmitt,
on behalf of himself, and all others similarly
situated,                                                                    Case No. :

                Plaintiff,

vs.                                                                         **COMPLAINT**
                                     **and**
CACH, L.L.C.                                                                **JURY DEMAND**
and
MESSERLI & KRAMER, P.A.,                                                    **(Class Action)**

                Defendants.

## I.      <u>INTRODUCTION</u>

      This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*.  Plaintiff Victor E. Schmitt, on behalf of himself and all persons similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors CACH, L.L.C.  and  MESSERLI & KRAMER, P.A.  This matter arises from Defendants' routine practices of filing county court collection complaints against Nebraska Consumers for alleged debts incurred for personal, family or household purposes,  which fail to include the identity of the original creditor, the dates of service, or a copy the contract at issue, and the connection between the county court plaintiff and the alleged debt it seeks to collect.  Defendants actions violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f and § 1692f(1).  Plaintiff also alleges that each of the challenged practices set forth herein violates the NCPA.

## II.     <u>JURISDICTION</u>

      1.      Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d),

28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2.     *In personam* jurisdiction exists and venue is proper as Defendants regularly do business in the District of Nebraska and the challenged practices occurred in this jurisdiction. Plaintiff is also a resident of this District. See 28 U.S.C. § 1391.

**III.    PARTIES**

3.     Plaintiff Victor E. Schmitt (hereinafter "Mr. Schmitt") is an adult individual residing in Sarpy County, Nebraska. At all times material hereto, Mr. Schmitt and each member of the class he seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4.     CACH, L.L.C. (hereinafter "CACH") is located in Denver, Colorado and is a debt buyer doing business in Nebraska engaged in the business of collecting defaulted accounts purchased, acquired or claimed to have purchased, that were due others. CACH, L.L.C., is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. CACH is involved in the actions challenged in this lawsuit.

5.     MESSERLI & KRAMER, P.A. (hereinafter "M & K") is the law firm for Defendant CACH and is itself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska and is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. M & K also has direct involvement in the actions challenged in this lawsuit.

2

6.      Defendants are all entities or individuals who contributed to or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the named Defendant to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

7.      At all times relevant hereto, each Defendant was, and is now, the agent, servant, employee and or/ other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## IV. FACTUAL ALLEGATIONS

8.      On or about May 1, 2018, Defendants filed their standard county court collection complaint (identified as Form NE 0104 on the bottom of the complaint) against Victor E. Schmitt (misidentified as "Vic E. Schmitt")  in an action entitled, "*CACH, LLC, v. Vic E. Schmitt*," in the County Court of Sarpy County, Nebraska, at Case No. CI 18-2030. The law firm M & K appears as the law firm of record  in the county court case. A true and correct copy of said standard collection complaint is attached hereto as Exhibit A and incorporated herein by this reference.

9.      In the *Schmitt* collection lawsuit, Defendants sought to collect on an unspecified "contract" in the amount of $16,370.25. The complaint, (Exhibit A)  is vague and simply reads:

1)    **Plaintiff is a legal entity existing under the laws of the United States.**
       **…..**
3)    **On or about July 27, 2007, Defendant did enter into a contract.**

3

    **4) Defendant breached the contract by failing to make payment in accord with the terms of the contract.**

    **5) After giving Defendant credit for all payments made, as of April 27, 2018, there remains an unpaid principal balance of $16,370.25.**

    **6) Plaintiff is damaged as a result in the amount of $16,370.25.**

10. M & K's standard form collection complaint (<u>Exhibit A</u>) does not state whether the alleged contract is oral or written and if written, it fails to attach a copy of said contract. The complaint further fails to identify with whom Mr. Schmitt allegedly entered into the contract, nor does it identify the charges constituting the amount sought in the lawsuit.

11. The collection complaint does not state CACH's relationship if any to the alleged contract. Moreover, the contract is ostensibly outside the statute of limitations as the complaint alleges the contract was entered into in 2007.

12. Upon receiving Defendants' collection complaint Mr. Schmitt did not know what contract was involved, whether it was oral or written, what it was for, the dates of the charges, with whom it was incurred, the amounts involved, payments made, amendments thereto, and the relationship between the County Court Plaintiff CACH and himself, if any.

13. This alleged disputed debt was incurred primarily for personal, family, or household purposes.

14. Mr. Schmitt was confused and misled by the collection complaint and as a result hired a lawyer to find out the details.

15. On or about May 28, 2018, Mr. Schmitt filed a Motion for Judgment on the Pleadings or

for More Definite Statement in the county court collection lawsuit.

16. On or about July 10, 2018, the County Court of Sarpy County, Nebraska granted Schmitt's motion and dismissed the collection complaint with prejudice.

17.  Subsequently, CACH filed a motion to reopen as it alleged its counsel "forgot to docket."

18. The county court collection case was reopened, Defendants amended their Complaint and ultimately dismissed the county court lawsuit against Mr. Schmitt without prejudice.

19. Mr. Schmitt was confused by the collection lawsuit in the form of Exhibit A. The use of such forms is misleading and a material violation of the FDCPA which establishes standing to maintain this case. *Tourgeman v. Collins Fin. Serves., Inc*., 755 F.3d 1109 (9th Cir. 2014).

20.  Defendants' use of county court collection complaints in the form of Exhibit A creates a sufficient risk of ham as contemplated by the FDCPA to establish a concrete injury- in- fact for Mr. Schmitt and the class he seeks to represent as articulated in *Spokeo, Inc. v. Robins*,  136 S.Ct. 540, 1549 (2016).

## V.  DEFENDANTS' ROUTINE PRACTICES

21.     It is Defendants' routine practice to file county court collection complaints in the form of Exhibit A which violate 15 U.S.C. § 1692e, § 1692e(2)(A),  § 1692e(5),1692e(10), § 1692f and § 1692f(1) the FDCPA and the NCPA.

22. Defendants' standard form collection complaint in the *Schmitt* matter is labeled internally (NE 0104), (Exhibit A) and fails to identify material facts and details sufficient for a consumer to respond.

23.  It is Defendants' policy and practice to fail to include in their standard collection complaint (Exhibit A) the material facts of the alleged contract, including the name of the

5

original creditor, dates of charges or services, the relationship between the county court plaintiff (here CACH)  and the consumer, the relationship between the original parties to the contract and the date of last payment for statute of limitation purposes.

24.   Defendants routinely file and prosecute said collection lawsuits against consumers in Nebraska.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS**

25. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of <u>Exhibit A</u> without attaching the contract for which such a  collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

**NCPA CLASS**

26. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of <u>Exhibit A</u> without attaching the contract for which such a collection lawsuit was pending or proceeding  (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

27.      Defendants' use of standard form  county court Complaints in the form of <u>Exhibit A</u>

is so numerous that joinder of all members is impractical.

28.    Questions of law and fact exist common to the class, which common questions predominate over any issues involving only individual class members.  The principal question is whether Defendants' county court collection complaint in the form of Exhibit A without attaching the contract violates 15 U.S.C. § 1692e, § 1692e(2)(A),  § 1692e(5),§ 1692e(10), § 1692f and § 1692f(1).

29.    Plaintiff's claims are typical of the class members.  All are based on the same facts and legal theories.

30.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff retained counsel experienced in class actions and debt collection abuse cases.

31.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Individual cases are not economically feasible.

32.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>    (a)    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>    (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate.  Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

34.    Plaintiff requests that the Court certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

**VII.    COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT**

35.     Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

36.     Defendants' county court collection complaint in the form of <u>Exhibit A</u> violates 15

U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(10), § 1692f and § 1692f (1).

**WHEREFORE**, Plaintiff requests that this Court certify the classes defined herein and

enter judgment for Plaintiff and the class members against the Defendants:

(a)     Awarding actual damages, including disgorgement and refund of any amounts

collected as a result of the use of <u>Exhibit A</u>, with interest;

(b)     Awarding statutory damages to the Plaintiff and also to the class as provided by

15 U.S.C. §1692k(a)(2);

(c)     Awarding Plaintiff and the class their costs and reasonable attorney's fees;

(d)     Declaring the challenged practices herein to be unlawful under the Act; and

(e)     Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – CONSUMER PROTECTION ACT

37. Plaintiff incorporates by reference the allegations contained above as if the same were

here set forth at length.

38.      Each Defendant is a "person" engaged in "Trade or Commerce" as those terms

are contemplated in the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et. seq*.

39.      Defendants' routine acts of  sending Complaints in the form of <u>Exhibit A</u>, constitute

unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of

any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in

violation of Neb. Rev. Stat. § 59-1602.

40.     These violations cause financial injury to the Plaintiff and the Class and bringing

this claim is in the public interest.

41.    Defendants' practices described above and Exhibit A violate the NCPA.

42. Defendants are public entities and in the normal course of their business are engaged in the practices described herein affecting Nebraska consumers.

43. Defendants' collection complaint in the form of <u>Exhibit A</u> is routinely used against consumers across the state of Nebraska and is not an isolated transaction and thus bringing this case is in the public interest.

44.   It is in the public interest to prevent debt collectors from using confusing and deceptive means to collect consumer debts on a widespread basis so that consumers can make informed decisions during the debt collection process.

WHEREFORE, Plaintiff requests that judgment be entered for himself and the class against Defendants for:

A.    Statutory damages, pursuant to Neb. Rev. Stat. §59-1609;

B.    Injunctive relief pursuant to the NCPA;

C.    Declaratory relief that Defendants' practices violate the NCPA;

D.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. §59-1609;

E.     Actual damages for Plaintiff and the class; and

F.    Such other and further relief as the court deems just and equitable.

## IX.    <u>JURY DEMAND</u>

Plaintiff demands a trial by jury of all claims so triable.

April 12, 2019

Victor E. Schmitt, on behalf of himself and
all others similarly situated, Plaintiff,


s/Pamela A. Car
Pamela A. Car, #18770
William L. Reinbrecht,  #20138
Car & Reinbrecht, P.C., LLO
2120 South 72nd st Suite 1125
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: pacar@cox.net

And

O. Randolph Bragg
Horwitz, Horwitz & Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
Phone:  (312) 372-9922
rand@hortitzlaw.com

ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS

10