# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

**VICTOR E. SCHMITT, on behalf of himself, and all others similarly situated,**

Plaintiff,

vs.

**MESSERLI & KRAMER, P.A.,**

Defendant.

8:19CV155

MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss, ECF No. 17, filed by Defendant Messerli & Kramer, P.A (M&K). For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those stated in Plaintiff's Complaint, ECF No. 1, which the Court accepts as true for the purposes of this Motion to Dismiss.

On May 1, 2018, CACH, LLC (CACH),[1] through its attorneys, M&K, filed a standard-form debt collection complaint in the County Court of Sarpy County, Nebraska, against Plaintiff, Victor E. Schmitt. The state court complaint is incorporated in Schmitt's complaint. ECF No. 1-1. The state court complaint alleged in its entirety the following:

1. Plaintiff is a legal entity existing under the laws of the United States.

2. Defendant is a resident of the county of SARPY County, Nebraska.

3. On or about July 27, 2007, Defendant did enter into a contract.

4. Defendant breached the contract by failing to make payment in accord with the terms of the contract.

---

[1] CACH was formerly a defendant in this case but has since been terminated from these proceedings pursuant to a stipulation with Schmitt to pursue arbitration. ECF No. 25.

> 5. After giving Defendant credit for all payments made, as of April 27, 2018, there remains an unpaid principal balance of $16,370.25.
>
> 6. Plaintiff is damaged as a result in the amount of $16,370.25.
>
> 7. Upon information and belief, Defendant is not an active member of the Armed Forces of the United States or of its Allies.

ECF No.1-1, ¶¶ 1–7. M&K routinely uses this standard-form complaint to initiate debt collection actions against consumer-debtor defendants in the State of Nebraska.

In response to the county court complaint, Schmitt filed a motion for judgment on the pleadings or for a more definite statement. The motion for judgment on the pleadings was granted and the complaint was dismissed with prejudice. The case was reopened by the county court, and CACH and M&K were given leave to file an amended complaint. The case was ultimately dismissed by CACH and M&K without prejudice.

Schmitt filed this action against CACH and M&K on April 12, 2019, ECF No. 1. Schmitt alleges that M&K's use of its standard-form complaint is misleading, unfair, and deceptive and violates §§ 1692e and 1692f of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, as well as section 59-1602 of the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. §§ 59-1601 through 59-1623. Defendant M&K filed this Motion to Dismiss on May 30, 2019.

**STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

I.     FDCPA

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Lawyers who regularly collect debts through litigation are subject to the FDCPA as they are "debt collectors" as defined by the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294, 299 (1995). This necessarily "imposes some constraints on a lawyer's advocacy on behalf of a client . . . ." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600 (2010). In fact, "attorney debt collectors warrant closer scrutiny because their abusive collection practices 'are more egregious than those of lay collectors.'" *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 301 (3d Cir. 2008) (quoting *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989)).

"The Eighth Circuit has adopted a 'case-by-case' approach when 'applying the statute's prohibitions to attorneys engaged in litigation.'" *Powers v. Credit Mgmt. Servs.*, 8:11CV436, 2016 WL 612251 (D. Neb. Feb. 2, 2016) (quoting *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012)). This case-by-case approach requires the court to view whether a communication was false, misleading, or deceptive "through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). An unsophisticated consumer "may be 'uninformed, naive, [and] trusting,' but

she has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

The FDCPA also has the "apparent objective of preserving creditors' judicial remedies." *Heintz*, 514 U.S. at 296. While it is important to protect against abusive practices by attorney debt collectors, lawyers must have access to the courts without fear of "follow-on § 1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes." *Hemmingsen*, 674 F.3d at 820. Moreover, trial "[j]udges have ample power to award attorney's fees to a party injured by a lawyer's fraudulent or vexatious litigation tactics." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); 28 U.S.C. § 1927); *Moore v. Moore*, 924 N.W.2d 314, 325 (Neb. 2019) ("Attorney fees shall be awarded against a party who alleged a claim or defense that the court determined was frivolous, interposed any part of the action solely for delay or harassment, or unnecessarily expanded the proceeding by other improper conduct.") (citing Neb. Rev. Stat. § 25-824).

Schmitt argues that the standard-form complaint used by M&K was so vague that an unsophisticated consumer could not have understood to which debt it referred. He further argues that an "unsophisticated consumer[] . . . should not be required to hire an attorney simply to understand the claims against him." Pl. Br. at 3, ECF No. 23. Schmitt contends that this theory is supported by a previous decision of this Court in *Powers*, 2016 WL 612251. Pl. Br. at 4–5, ECF No. 23. *Powers*, however, is inapposite here. The *Powers* court held that the defendant's standard-form complaints were misleading

5

"because they suggest[ed] to an unsophisticated consumer that the debt collector ha[d] a right to recover prejudgment interest and attorney's fees without securing a judgment." *Powers*, 2016 WL 612251 at *12. Here, M&K made no such allegations in its county court complaint.

While Schmitt did not bring a claim under § 1692g, it is "material to [the] analysis because it sets forth what a debt collector must disclose in an initial communication." *Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 990 (8th Cir. 2016). Section 1692g(a)(5) "specifically anticipates that an initial communication may omit the identity of the original debtor." *Id.* Section 1692g also provides the debtor with a method to request both verification of the debt, § 1692g(a)(4), and the name and address of the original debtor, § 1692g(a)(5).

In *Haney*, the Eighth Circuit affirmed the district court's dismissal of a § 1692e claim. *Haney*, 895 F.3d at 990. The plaintiff in *Haney* argued that the collection letters were misleading because of the defendant's "failure to identify [the original creditor], cite the [total] account balance, or explain the various sums demanded . . . ." *Id.* Schmitt alleges that M&K's complaint is misleading because it failed to state whether the contract was oral or written, attach a copy of the contract to the complaint, identify with whom Schmitt entered into the contract, or identify the charges constituting the amount sought. ECF No. 1 at ¶ 10. As the Eighth Circuit said in *Haney*, failure to include these types of information "cannot serve as a basis for this claim." *Haney*, 895 F.3d at 990. Therefore, the county court complaint was, as a matter of law, not false, misleading, deceptive, unfair, or unconscionable under the FDCPA. 15 U.S.C. §§ 1692e, 1692f.

II.     **NCPA**

The Supreme Court has stated that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting 28 U.S.C. § 1367(c)). This Court will decline to exercise jurisdiction over Schmitt's NCPA claim.

## CONCLUSION

Based on the pleadings, and accepting all of Schmitt's well-pleaded facts as true, there is no plausible cause of action against M&K for violations of §§ 1692e and 1692f of the FDCPA. This Court will decline to exercise jurisdiction over Schmitt's NCPA claim. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 17, filed by Defendant Messerli & Kramer, P.A., is granted;
2. Plaintiff's cause of action under the Fair Debt Collection Practices Act is dismissed, without prejudice;
3. Plaintiff's cause of action under the Nebraska Consumer Protection Act is dismissed, without prejudice; and
4. A separate judgment will be entered.

Dated this 15th day of August, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge