# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR E. SCHMITT, on behalf of himself, and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>MESSERLI & KRAMER, P.A.,<br><br>Defendant. | 8:19CV155<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Victor Schmitt's Motion to Amend Complaint, ECF No. 29, and Motion for Relief from Judgment, ECF No. 33. For the reasons discussed below, the Motions will be denied.

## BACKGROUND

The Court incorporates the background discussion from its Memorandum and Order, ECF No. 27, granting summary judgment in favor of Defendant Messerli & Kramer, P.A. (M&K). In the Memorandum and Order, the Court found that Schmitt failed to plead that M&K's standard-form complaint—used by M&K to initiate state court debt collection actions—was false, misleading, deceptive, unfair, or unconscionable under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and granted M&K's Motion to Dismiss for Failure to State a Claim, ECF No. 17, without prejudice.

Schmitt now seeks an Order from the Court allowing him to amend his Complaint and seeks relief from the Court's previous Memorandum and Order dismissing his Complaint without prejudice.

## STANDARD OF REVIEW

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' . . . ." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *Id.* (quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933). The "district courts have 'broad discretion in determining whether to alter or amend judgment' under Rule 59(e) . . . ." *Ryan*, 889 F.3d at 507–08 (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)).

"Rule 60(b) provides for relief from judgment in any of several enumerated circumstances and for 'any other reason justifying relief from the operation of the judgment.'" *Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (per curiam) (quoting Fed. R. Civ. P. 60(b)). "Rule 60(b) is 'not a vehicle for simple reargument on the merits.'" *Id.* (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)). Put simply, "[r]elief under Rule 60(b) is an extraordinary remedy . . . ." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (citing *In re Design Classics, Inc.*, 788 F.2d 1384 (8th Cir. 1986)).

Post-judgment motions for leave to amend may be granted if timely made. *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). The Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)). A post-judgment motion to amend is still subject to "the considerations of Rule 15, but . . . will be granted only 'if it is consistent

2

with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)). The district court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored . . . ." *Ryan*, 889 F.3d at 508 (quoting *Hypoguard USA*, 559 F.3d at 824). "[F]utility constitutes a valid reason for denial of a motion to amend." *Id.* (quoting *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012)).

## DISCUSSION

Schmitt seeks an Order from the Court allowing him to amend his Complaint and seeks relief from the Court's previous Order dismissing his Complaint without prejudice. Schmitt does not point to any extraordinary circumstances justifying relief under Rule 60(b) and may not use Rule 60(b) to reargue the prior motion to dismiss. For the following reasons, his motions under Rule 59(e) will be denied.

**I.    Manifest Error of Law**

Schmitt argues that he is entitled to relief because the Court failed to apply the unsophisticated consumer standard. He also argues that the Court's analysis, relying on *Haney v. Portfolio Recovery Associates, L.L.C.*, 895 F.3d 974 (8th Cir. 2016), and rejecting *Powers v. Credit Management Services, Inc.*, 8:11CV436, 2016 WL 612251 (D. Neb. Feb. 2, 2016), was a manifest error of law, entitling him to relief.

*A. Unsophisticated Consumer Standard*

Schmitt argues generally that the Court did "not properly consider the unsophisticated consumer standard followed by the Eighth Circuit in *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002) . . . ." Pl.'s Br. 4, ECF No. 34.

3

It appears, however, that Schmitt is asking the Court to apply the "least sophisticated consumer" standard applied by other circuits.

The Eighth Circuit adopted the unsophisticated consumer standard as it was developed by the Seventh Circuit in *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000); *see also Peters*, 277 F.3d at 1055 ("The 'unsophisticated consumer' test was adopted by the Seventh Circuit in *Gammon v. G.C. Services Ltd. Partnership*, which preferred it to the 'least sophisticated consumer' standard used by a number of other circuits."). The *Gammon* court adopted the unsophisticated consumer standard in contrast to the least sophisticated consumer standard, noting that it is "virtually impossible to analyze a debt collection letter based on the reasonable interpretations of the least sophisticated consumer." *Id.* An unsophisticated consumer has "'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). This is the standard the Court applied in its previous Memorandum and Order, and Schmitt is not entitled to relief on this ground.

*B. Reliance on Haney v. Portfolio Recovery Associates, L.L.C.*

Schmitt argues that the portion of *Haney* upon which this Court relied was taken out of context as it only discussed a § 1692g violation. The portion of *Haney* upon which this Court relied did not discuss a violation of § 1692g but was under the subheading "E. Lack of Clarity in Gamache's Collection Letters" and it "analyzed whether three letters sent by the defendant were "misleading to an unsophisticated consumer in violation of

4

§ 1692e." *Haney*, 895 F.3d at 990 ("Haney did not assert a claim based on § 1692g(a) below. We nevertheless find § 1692g(a) material to our analysis . . . ."). The *Haney* court acknowledged that § 1692g(a) permits the omission of the identity of the original debtor. Thus, the court found that a defendant's failure to reference the original debtor cannot serve as a basis for a § 1962e claim. *Id.* Accordingly, Schmitt has not demonstrated a manifest error of law in the Court's analysis of *Haney* and is not entitled to relief on this ground.

*C. Failure to Follow Powers v. Credit Management Services, Inc.*

Schmitt notes that the *Powers* court stated: "it is misleading and/or deceptive to premise the claim on a written contract without providing a copy of the contract." *Powers*, 2016 WL 612251, at *13. Acknowledging the case-by-case approach adopted by the Eighth Circuit in *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012), it may have been misleading for the creditor in *Powers* to fail to provide a copy of the contract, in conjunction with a standard-form complaint that falsely represented the "character and amount of the plaintiffs' debt" [and] "request[ed] statutory interest under Neb. Rev. Stat. § 25-1801" without informing the plaintiff that "such interest can only be recovered in the event it secures a judgment" and "referenc[ing] . . . recovery under Neb. Rev. Stat. § 45-104 mischaracteriz[ing] the action as one based on a written contract." *Powers*, 2016 WL 612251, at *13.

Schmitt argues that the outcome in *Powers* did not rest on the fact that the defendant sought prejudgment interest in its state court complaint. However, the sentence immediately following the quote upon which Schmitt relies states that "[u]nder

5

these facts, the least sophisticated consumer[1] reasonably might feel pressured to immediately pay the debt . . . in order to avoid the possibility of having to also pay the debt collector's attorney fees and prejudgment interest . . . ." *Id.* Schmitt has not demonstrated a manifest error of law in the Court's analysis of *Powers* and is not entitled to relief on this ground.

II.     **Motion to Amend**[2]

When considering a post-judgment motion to amend, a district court must take into account "the considerations of Rule 15, but . . . [the motion] will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *SuperValu*, 925 F.3d 961 (quoting *Mask of Ka-Nefer-Nefer*, 752 F.3d 743). As previously discussed, Schmitt is not entitled to relief under Rule 59(e) and Rule 60(b).

Further, it appears that Schmitt's proposed amendments will be futile. "[A] party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim." *Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1036 n.5 (8th Cir. 2019) (quoting *Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014)). The proposed First Amended Complaint does not contain any new facts or allegations that would change the Court's prior analysis. Thus, Schmitt's Motion to Amend is denied.

Accordingly,

IT IS ORDERED:

---

[1] Although the *Powers* court uses the phrase "least sophisticated consumer," it acknowledged that the unsophisticated consumer standard used in the Eighth Circuit does not tie the standard to "the very last rung on the sophistication ladder." *Powers*, 2016 WL 612251, at *7 (quoting *Duffy*, 215 F.3d at 874).

[2] Schmitt's proposed First Amended Complaint, ECF No. 29-1, does not "clearly identif[y] the proposed amendments." Nor does his Motion to Amend, ECF No. 29, "(1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties." NECivR 15.1. However, the Court has considered the motion as it was filed.

1. Plaintiff's Motion to Amend Complaint, ECF No. 29, is denied; and

2. Plaintiff's Motion for Relief from Judgment, ECF No. 33, is denied.

Dated this 15th day of October, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge